ORIGINAL

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number.    FOR COURT USE ONLY

Law Offices of Stephen Parry
Stephen Parry, State Bar No. 98188
9253 Aqueduct Avenue
North Hills, CA 91343
(818) 895-2200
FAX (818) 893-4260

*Attorney for* Debtor, Saundra A. Shodiya

**FILED**

**JAN 15 2010**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re: Saundra A. Shodiya

CHAPTER 13

CASE NUMBER 8:09-bk-21164-ES

DATE: 2/9/10

TIME: 10:30 a.m.

Debtor.    COURTROOM: 5A

## NOTICE OF MOTION FOR:

MOTION TO DETERMINE EXTENT OF SECURITY INTEREST IN REAL PROPERTY; TO AVOID AND STRIP LIEN OF SECOND TRUST DEED; AND TO STAY POST PETITION PAYMENTS TO UNSECURED CREDITOR

*(Specify name of Motion)*

1. TO: ONE WEST BANK, FSB; GREEN TREE SERVICING, LLC.; The Honorable Erithe A. Smith; Ch 13 Trustee, etc.

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| **Hearing Date:** 2/9/10 | **Time:** 10:30 | **Courtroom:** 5A | **Floor:** 5th |
|---|---|---|---|
| ☐ **255 East Temple Street, Los Angeles** | | ☒ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: 1/14/10

Law Offices of Stephen Parry
Law Firm Name _____

By: _____

Name: Stephen Parry
*Attorney for Movant*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-1.1**

Notice of Motion (with Hearing) - *Page 2*                                    **F 9013-1.1**

| In re Saundra A. Shodyia | | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 8:09-bk-21164-ES |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

> 9253 Aqueduct Avenue, North Hills, CA 91343

A true and correct copy of the foregoing document described as <u>Notice of Motion and Motion to Determine Extent of Security Interest in Real Property; to Avoid and Strip Lien of Second Trust Deed and to Stay Post Petition Payments thereon</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>1/15/10</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

> (Judge's copy may be hand delivered to Judge's courtesy box, in lieu of mailing)

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/15/10 | Barry Sisselman | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Notice of Motion (with Hearing) - *Page 3*                                          **F 9013-1.1**

| In re  Saundra A. Shodyia | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 8:09-bk-21164-ES |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Respondent:    One West Bank, FSB
               888 East Walnut Street
               Pasadena, CA  91101


Authorized
Agent for
Respondent:    Attn: Jenneifer Tait
               Robinson Tait, PS
               710 Second Avenue
               Suite 710
               Seattle, WA  98104


Chapter 13
Trustee:       Amrane Cohen
               770 The City Drive South
               Suite 3300
               Orange, CA  92868


Judge's Copy:  The Honorable Judge,
               Erithe A. Smith
               United States Bankruptcy Court
               Santa Ana Division
               411 West Fourth Street
               Suite 5041
               Santa Ana, CA  92701




Respondent's Transferee:    Green Tree Servicing, LLC
                            MHD Bankruptcy Department
                            P.O. Box 6154
                            Rapid City, SD 57709



Respondent's Transferee's
Agent for Service of
Process:                    Jere Keprios
                            C/O C T Corporation System
                            818 West Seventh Street
                            Los Angeles, CA 90017


This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                              **F 9013-1.1**

1   Law Offices of Stephen Parry
    Stephen Parry
2   State Bar No. 98188
    9253 Aqueduct Avenue
3   North Hills CA 91343
    (818) 895-2200
4   FAX (818) 893-4260

5

6   Attorney for Debtor

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  In re:                               Case No. 8:09-bk-21164- ES
                                         Chapter: 13
12  Saundra A. Shodiya,
                                         NOTICE OF MOTION AND MOTION TO
13                          Debtor.      DETERMINE EXTENT OF SECURITY
                                         INTEREST IN REAL PROPERTY; TO
14  Saundra A. Shodiya                   AVOID AND STRIP LIEN OF SECOND
                            Movant       TRUST DEED; AND TO STAY
15                                        POST-PETITION PAYMENTS TO
                                         UNDERSECURED CREDITOR;
16  v.                                   MEMORANDUM OF POINTS AND
                                         AUTHORITIES, AND DECLARATIONS IN
17  One West Bank, FSB, (Green Tree)     SUPPORT.  [11 USC § 506(a); 1322(b)(2);
    Successor in Interest to Indymac Bank, FRBP § 3012].
18
                            Respondent
19

20
                                         Date: February 9, 2010
21                                       Time: 10:30 a.m.
                                         Ctrm: 5A
22                                          411 W. Fourth Street
                                            Santa Ana, CA 92701
23

24  TO THE HONORABLE ERITHE A. SMITH, , THE CHAPTER 13 TRUSTEE, AND

25  RESPONDENT, and all other interested parties:

26        NOTICE IS HEREBY GIVEN that the Debtor hereby moves the Court for Orders

27  determining the value of the security interests in debtor's principal residence located at

28  5413 Arrowhead Avenue, Buena Park, CA 90621, determining the secured status of the

                                         1

first and second trust deed liens on said property, and avoiding and stripping the lien of

the Respondent, second trust deed holder, on said property because that lien is not

secured by any value in the said real property.

The grounds for such motion are that:

1.    The Property is worth no more than $380,000.00, based upon a licensed California

Appraiser's Uniform Residential Appraisal Report, dated 11/24/09, reflecting the

value as of the date of the filing of the instant Bankruptcy proceeding. Said

Appraisal was performed by Dennis Stephenson, a duly licensed California

Appraiser, whose supporting declaration and Appraisal report are attached hereto

and incorporated herein.

2.    The claim of the holder of the first trust deed lien, One West Bank, FSB (successor

in interest to Indymac Bank), filed in this case on 1/04/10, demonstrates that the

claim of the first trust deed lien holder is in the amount of $501,425.69. A true and

correct copy of said Claim is attached to this motion as Exhibit "A", and

incorporated herein.

3.    The claim of the respondent, second trust deed holder, One West Bank, FSB

(Green Tree) (successor in interest to Indymac Bank), in the approximate amount

of $127,000.00,  is WHOLLY UNSECURED, based upon the foregoing. A true and

correct copy of the Monthly Statement last received from IndyMac Bank on 4-20-09

showing a principal balance on $117,141.65, and a copy of the notice of transfer of

loan servicing to Green Tree, are attached hereto, as Exhibit "B"

II.

ARGUMENT

A.    A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE

VALUE OF THE COLLATERAL, AND UNALLOWED SECURED CLAIMS

ARE VOID.

11 USC 506(A) states that:

An allowed claim of a creditor secured by a lien on property in which the

2

1    estate has an interest, or that is subject to a setoff under section 553 of this
title, is secured to the extent of the value of such creditor's interest in the
2    estate's interest in such property, or to the extent to the amount subject to
setoff, as the case may be, and is an unsecured claim to the extent that the
3    value of such creditor's interest or the amount so subject to setoff is less
than the amount of such allowed claim.

4

5    11 USC 506(d) states that

6    To the extent that a lien secures a claim against the debtor that is not an
allowed secured claim, such lien is void.

7

8        B.    DEBTOR MAY REQUEST AND THE COURT MAY ENTER AN ORDER
THAT VALUES COLLATERAL WHICH IS PROPERTY OF THE
9            BANKRUPTCY ESTATE AND WHICH SECURES A CLAIM OF A
CREDITOR AGAINST THE DEBTOR,

10

11    Bankruptcy Rule 3012 states that the court may determine the value of a claim

12    secured by a lien on property in which the estate has an interest, on motion of any party

13    and after a noticed hearing.

14        C.    THE LIEN SHOULD BE EXTINGUISHED AND RECONVEYED SINCE THE
SUBJECT PROPERTY IS WORTH LESS THAN THE AMOUNT OWED ON
15            THE FIRST TRUST DEED, LEAVING THE SECOND TRUST DEED LOAN
WHOLLY UNSECURED. ACCORDINGLY THE SECOND TRUST DEED
16            LIEN IS AVOIDABLE IN ITS ENTIRETY AND SHOULD BE REMOVED.

17    The prevailing law in our jurisdiction holds that Chapter 13 debtors are entitled to

18    "strip off" wholly unsecured junior mortgages on a principal residence where the claims of

19    the junior lien holders are unsecured given that the value of the principal residence is less

20    that the balance owed on the first mortgage, IN RE LAM, 211 B.R. 35 (9th Cir. B.A.P.

21    1997).

22    In LAM, the court held a debtor's completely unsecured junior mortgage lien could be

23    stripped off of his principal residence, holding that:

24        The NOBLEMAN decision holding that section 1322(b)(2) bars a Chapter 13
plan from modifying the rights of holders of claims, secured only by the
25        debtor's principal residence, does not apply to holders of totally unsecured
claims. The extension of the protections of section 1322(b) to wholly
26        unsecured lien claims is contrary to the provisions of the bankruptcy code
allowing dischargeability of unsecured claims.

27

28    IN RE LAM followed the earlier decision of IN RE GEYER, 203 B.R. 726 (S.D. Cal.

3

1   1996), in which the court sustained the debtor's motion to avoid a lien brought under

2   Bankruptcy Code Section 506(d), holding that a Chapter 13 debtor may strip off a lien on

3   his or her primary residence when the lienholder's interest is totally unsecured, stating

4   that:

5   ...the term "secured claim" as used in section 1322(b) has the same meaning
    as the term "secured claim" in section 506(a). Unless there is some equity to
6   which the creditor's claim attaches, there is no allowed secured claim and no
    entitlement to the protections against modification contained in section
7   1322(b)(2). A chapter 13 debtor may "strip-off" a lien on his or her primary
    residence under the plan or under section 506(d) when the lienholder's
8   interest is totally unsecured.

9   IN RE GEYER, 203 B.R. 726, 729 (S.D. Cal. 1996)

10       In the case at bar, the property to be retained in the Chapter 13 Plan is debtor's

11  principal residence. The value of the property is $380,000.00 as established by the

12  attached appraisal, and the claim of the First Trust Deed Lien holder is $504,429.69. Thus

13  the Lien of the Second Trust Deed holder is wholly unsecured, because there is no equity

14  to which the Second Trust Deed Lien can attach.. Therefore, the Lien of the Second Trust

15  Deed holder should be extinguished and treated as an unsecured claim for the purposes

16  of the instant Chapter 13 proceeding.

17                                          III.

18                                     CONCLUSION

19  Based upon the foregoing it is respectfully requested that the Second Trust Deed Lien of

20  One West Bank, FSB, (Green Tree) (successor in interest to Indymac Bank), be deemed

21  wholly unsecured, that "normal monthly post petition payments" thereon be stayed during

22  the pendency of the instant bankruptcy case, that the lien be extinguished upon the entry

23  of Debtor's discharge, and that the claim of said Second Trust Deed Lien holder be

24  deemed an unsecured claim in the instant Chapter 13 proceeding.

25  Dated: January ¹⁴ , 2010

26

27  STEPHEN PARRY,
    Attorney for Debtor

28

4

DECLARATION OF DEBTOR, SAUNDRA A. SHODIYA, IN

SUPPORT OF MOTION TO EXTINGUISH LIEN OF

ONE WEST BANK, FSB/GREEN TREE SERVICING

I, Saundra A. Shodiya, declare that if called upon to testify in this matter I would and could testify competently to the truthfulness of all of the following:

1.  I am the debtor in the instant Chapter 13, case number 8:09-bk-21164-ES, filed on October 15, 2009.

2.  I filed the instant bankruptcy, primarily to save my principal residence located at 5413 Arrowhead Avenue, Buena Park, CA 90621. ("The Property").

3.  The property is worth no more than $380,000.00, based upon the licensed California appraiser's Uniform Residential Appraisal Report of Dennis Stephenson, attached hereto, reflecting said current value, as of 11-24-09.

4.  The lien of the First Trust Deed is currently held by One West Bank, FSB, (successor in interest ti Indymac Bank) in the amount of $501,425.69 based upon the proof of claim that was filed by said creditor in the instant case, a true and correct copy of said proof of claim is attached hereto, as Exhibit A.

5.  The Second Trust Deed Lien is currently held by One West Bank, FSB, (successor in interest to Indymac Bank), serviced by Green Tree Servicing, in the approximate amount of $127,000, as per the last monthly statement received from Indymac and the notice of transfer of servicing received from Green Tree, true and correct copies of which are attached hereto, as Exhibit B.

6   Based upon the foregoing the Second Trust Deed lien is wholly unsecured.

I declare, under penalty of perjury under the laws of the state of California and the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on January _14_, 2010, at ___ORANGE___, California.

_Saundra Shodiya_
Saundra A. Shodiya

1
2
3          DECLARATION OF APPRAISER, DENNIS STEPHENSON
4
5      I, Dennis Stephenson, declare:

6      1.      I am over the age of 18 and not a party to this action. All of the foregoing
7              facts are known to me to be true of my own personal knowledge, except any
8              matters stated on the basis of information and belief, and as to those matters
9              I believe them to be true.

10     2.      I am duly licensed and in good standing with the State of California as a real
11             estate appraiser, and as such possess the necessary background, training,
12             experience and credentials to express as opinion as to the fair market value
13             of residential and commercial real estate

14     3.      I was commissioned to appraise that certain single family residence located
15             at 5413 Arrowhead Avenue, Buena Park, CA 90621, owned by Saundra A.
16             Shodiya.

17     4.      I duly performed an appraisal of said property in accordance with the
18             generally accepted standards for conducting appraisals, as specified by the
19             State of California, for licensed appraisers.

20     5.      I concluded that the property, as of 11/24/09, had an estimated market value
21             of $380,000.00. A true and correct copy of my appraisal ("the Appraisal") of
22             the said property as appended hereto as Exhibit "C" to Debtor's Motion, and
23             incorporated herein as though set forth fully hereat.

24     6.      The Appraisal describes in detail all the actions I took and all the materials I
25             reviewed in making a determination of the estimated current fair market
26             value of the Property, and details the basis of my calculation thereof.
27             Accordingly, the Appraisal provides an adequate factual foundation and sets
28             forth the basis for my opinion as to the Property's estimated current fair

market value.

7.    I hereby adopt as true, correct and accurate all of the statements in the aforesaid Appraisal, including, without limitation, all the facts set forth and the opinions stated in the Appraisal.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on January _12_, 2010, at ___IRVINE___, California

_____
Dennis Stephenson

7

EXHIBIT A

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Central District of California | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor:<br>SAUNDRA A. SHODIYA | Case Number:<br>8:09-bk-21164-ES |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>OneWest Bank, FSB | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>ONEWEST BANK, FSB<br>888 E. Walnut Street, Pasadena, CA 91101<br><br>Telephone number:<br>(800) 781-7399 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>ONEWEST BANK, FSB<br>Mail Code: KZ-02-01,  6900 Beatrice Drive, Kalamazoo, MI 49009<br><br>Telephone number:<br>(800) 781-7399 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | | |
|---|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $    501,425.69 | | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | | Specify the priority of the claim. |
| If all or part of your claim is entitled to priority, complete item 5. | | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | | |
| **2. Basis for Claim:**    Money Loaned<br>(See instruction #2 on reverse side.) | | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3.** Last four digits of any number by which creditor identifies debtor:    8519 | | |
| **3a.** Debtor may have scheduled account as:    IndyMac Bank<br>(See instruction #3a on reverse side.) | | |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☑ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe:  5413 Arrowhead Avenue, Buena Park, CA 90621<br><br>Value of Property:$_____    Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $    28,800.63    Basis for perfection:  Recorded DOT<br><br>Amount of Secured Claim: $    501,425.69    Amount Unsecured: $_____ | | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)* | | **Amount entitled to priority:**<br><br>$_____ |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. | | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| If the documents are not available, please explain: | | |

| | |
|---|---|
| **Date:**<br>01/04/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
| /s/Jennifer Tait; Authorized Agent for OneWest Bank, FSB | | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/08) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## United States Bankruptcy Court

IN RE: SAUNDRA A. SHODIYA

Case: 8:09-bk-21164-ES
Chapter #: 13

**EXHIBIT "A"**
ITEMIZATION OF TOTAL DEBT AND ARREARAGES AT THE TIME OF FILING

### Total Debt: (not to be used as a payoff)

| | |
|---|---|
| Interest Rate: | 5.750% |
| Principal Balance: | $475,999.99 |
| Interest: | $22,102.18 |
| Escrow Advances: | $0.00 |
| Payment Late Charges: | $0.00 |
| Accrued Late Charges: | $798.28 |
| Property Inspection and Preservation: | $77.00 |
| Property Valuation Costs: | $145.00 |
| Insufficient Funds/NSF: | $0.00 |
| Previous Foreclosure Fees: | $650.00 |
| Previous Foreclosure Costs: | $1,595.44 |
| Previous Bankruptcy Fees: | $0.00 |
| Previous Bankruptcy Costs: | $0.00 |
| Other Unpaid Fees: | $58.00 |
| Suspense Balance (subtracted): | $0.20- |
| **Total Debt:** | **$501,425.69** |

### Pre-Petition Arrearage

| | |
|---|---|
| Mortgage Payments due   2/1/2009 – 5/1/2009 ($2,900.62 each) | |
| 6/1/2009 – 10/1/2009 ($2,745.27 each) | $25,328.83 |
| Payment Late Charges: | $0.00 |
| Accrued Late Charges: | $1,026.36 |
| Escrow Shortage (not recouped through payments): | $0.00 |
| Property Inspection and Preservation: | $55.00 |
| Property Valuation Costs: | $145.00 |
| Insufficient Funds/NSF: | $0.00 |
| Previous Foreclosure Fees: | $650.00 |
| Previous Foreclosure Costs: | $1,595.44 |
| Previous Bankruptcy Fees: | $0.00 |
| Previous Bankruptcy Costs: | $0.00 |
| Other Unpaid Fees: | $0.00 |
| Suspense Balance (subtracted): | $0.00 |
| **Total Pre-Petition Arrearage:** | **$28,800.63** |
| **Post petition payment amount as of November 1, 2009** | **$2,745.27** |

*Please be advised that additional fees and costs and have been incurred for the post-petition preparation and filing of this Proof of Claim. These fees and costs have not been included in the Proof of Claim. If the debtor(s) want these fees and costs included in the Proof of Claim so that the subject loan is current upon completion of the Bankruptcy Plan, please contact Robinson Tait at (206) 676-9640.

| In Re          (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| **SAUNDRA A. SHODIYA** Debtor(s) | CASE NO: **8:09-bk-21164-ES** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robinson Tait, PS
710 Second Avenue, Suite 710
Seattle, WA 98104

The foregoing document described **PROOF OF CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 4, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**DEBTOR'S ATTORNEY:**
Stephen Parry
parryzwun@yahoo.com

**U.S. TRUSTEE:**
U.S. Trustee
United States Trustee (SA)
Ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **January 4, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTOR:**
Saundra A. Shodiya
5413 Arrowhead Avenue
Buena Park, CA 90621

**JUDGE'S CHAMBERS:**
United States Bankruptcy Court - Central District of California
Attn: Honorable Erithe A. Smith
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

**CHAPTER 13 TRUSTEE:**
Amrane Cohen
770 The City Dr So Ste #3300
Orange, CA 92868

☐ Service information continued on attached page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 13 |
|---|---|---|---|
| **SAUNDRA A. SHODIYA** | | | |
| | | Debtor(s) | CASE NO: **8:09-bk-21164-ES** |

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/4/2010 | Vanessa Gomez-Riebs | /s/ Vanessa Gomez-Riebs |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1O.RP**

*Revised July 2007*

EXHIBIT B

Primary Phone Number:    (555) 555-5555
Secondary Phone Number:    (555) 555-5555

| Account Information as of | 04/20/09 |
|---|---|
| Loan Number | 1008728527 |
| Interest Rate | 9.000% |
| Principal Balance | $117,141.65 |
| Escrow Balance | $ .00 |
| Unapplied Funds | $ .00 |
| Funds Advanced by IMB (1,2) | $ .00 |
| Principal Paid YTD | $78.35 |
| Interest Paid YTD | $879.15 |
| Property Taxes Paid YTD | $ .00 |
| Hazard Insurance Paid YTD | $ .00 |

**Property Address:** 5413 ARROWHEAD AVENUE,
BUENA PARK, CA 90621

129651  RE

#BWNDXCT
#6687258278001046#

SAUNDRA SHODIYA
5413 Arrowhead Avenue
BUENA PARK  CA  90621-1348

For statement questions,
please call Customer Service at
1.800.781.7399

---

**05/01/09 Payment Options**

| | |
|---|---|
| Principal and/or Interest | $957.50 |
| Escrow | $ .00 |
| Optional Products (2) | $ .00 |
| Other (2) | $ .00 |
| **Payment Amount** | $957.50 |
| Past Due Payment(s) | $2,872.50 |
| Total Payments Due | $3,830.00 |
| Unpaid Late Charges | $143.64 |
| Returned Payment Fees | $ .00 |
| Other Unpaid Charges (2) | $ .00 |
| Funds Advanced by IMB (1,2) | $ .00 |
| **Total Amount Due** | $3,973.64 |
| After 05/16/09 please pay: (3) | $4,021.52 |

**Your Account is
Past Due.**

1   Unless otherwise agreed upon,
additional funds may be applied
to advances prior to being
applied to fees/charges.

2   Itemized detail available upon
request.

3   Payment calculation includes
Late Charge fee.

---

| Date | Transaction | Total | Principal/Deferred Interest | Interest | Escrow | Fees/Misc. |
|---|---|---|---|---|---|---|
| 04/16/09 | Fee Assessment | | | | | 47.88- |

---

**PAST DUE NOTICE:**
Our records indicate that your loan is now several payments past due. If
you have made arrangements with us to remedy this situation, please comply
with the terms of our agreement. If we have not yet agreed to a workout
arrangement, please call us today. We may be able to assist. If you are
experiencing hardship, you may be eligible for programs we offer to help
avoid foreclosure. You are at risk of losing your home! We cannot help
unless you call us. Call toll free today at 1.877.908.4357.

**INCOME TAX SEASON IS RIGHT AROUND THE CORNER!**
Did you know that you can access your 1098 Interest Statement via the
IndyMac Federal Bank FSB website? To learn when your 1098 Interest
Statement for 2008 will be available and how to access it on our website,
turn over this statement.

relationships that work

# green tree

PO Box 6172
Rapid City, SD 57709-6172

Tel 1-800-643-0202
GTServicing.com

+ 0252240 000005021 09GTR2 0056425 D
SAUNDRA SHODIYA
5413 ARROWHEAD AVENUE
BUENA PARK CA 90621-1348
Illulliudliulliudliulliullloludllulllluidll

August 25, 2009

*OneWest*

**RE: New Green Tree Account No.: 896162211**
**IndyMac Account No.: 1008728527**

The servicing of your loan is being transferred from IndyMac Mortgage Services ("IndyMac") to Green Tree Servicing LLC* ("Green Tree") on August 1, 2009. We are pleased to welcome you to Green Tree. The servicing transfer does not affect your loan terms and conditions, other than those related to the servicing of your loan.

**Payment Processing:**
You will receive your monthly statement from Green Tree soon after the transfer date. After this date, please destroy any IndyMac payment coupons and begin using the coupon attached to the bottom of the monthly statement. Please be sure to include your new Green Tree account number and send any future payments made on or after July 31, 2009 to the following address:

GREEN TREE
PO BOX 94710
PALATINE, IL 60094-4710

**AUTO PAY & BILL PAYMENT SERVICES**

**Automatic Payments:** If you are currently participating in ACH (Automated Clearing House) payment, also known as AutoPay, Green Tree will continue to charge your account for your payment. Please note, that if your payment is due the first week of August, Green Tree will not be charging your account until the second week in August. No late charges will be assessed and your account will not be negatively impacted as we will be posting your payment effective your due date.

If you are not currently participating in the ACH (Automated Clearing House) payment, also known as AutoPay and would like the convenience of having your payment automatically deducted from your bank account each month, we have enclosed an ACH enrollment form that you can either fax to 1-866-870-9919 or mail to:

**Green Tree Servicing**
**PO Box 6172**
**Rapid City, SD 57709-6172**

If your payments currently are made through a military allotment process or a third-party bill payment service, please inform your vendor or financial institution of the following:

- Your new Green Tree account number located at the beginning of this letter.
- Change your payee to Green Tree Servicing LLC.
- The new payment mailing address listed above.

If you currently have future dated Pay By Phone payments set up with your current servicer, these transactions will be canceled upon transfer of servicing to Green Tree. If you would like to set up future Pay by Phone payments with Green Tree, please contact our Customer Service Department at 1-800-643-0202.

**Important Information for Customers Paying by Check**

By sending a personal check, please be aware you are authorizing Green Tree to use information on this account to make a one-time electronic debit to the account at the financial institution indicated on the check. This electronic debit will be for the amount on your check, no additional amount will be added to the amount. Please be aware, this bank account may be debited the same day we receive the check.

| Advantages: | What this means to you: |
|---|---|
| • By processing the check electronically, the payment will be more efficient and environmentally friendly. | • The payment will no longer appear as a cleared check on the account statement. Instead, it will appear as an electronic debit. |
| • This is not an automatic payment program. The check is still needed to process the payment, so you control the timing of the payment by mailing in a check. | • You will not receive your check back from your financial institution. |
| | • We will retain a copy of the check if you need it for research purposes. |

**If you have any questions or concerns, please call us toll-free at 1-800-643-0202.**

## PAYOFFS

Payoff checks sent via **regular mail**, or via United States Postal Service overnight delivery, sent on or after July 31, 2009, should be sent to the following address:

**Green Tree Servicing**
**Dept CH 9052**
**Palatine, IL 60055-9052**

Payoff checks sent via **UPS/FedEx/Airborne Priority Mail**, sent on or after July 31, 2009, should be sent to the following address:

**Green Tree Servicing**
**Attn: Payoff 9052**
**5505 N. Cumberland Ave, Suite 307**
**Chicago, IL 60656**

## INSURANCE LOSS PAYEE

In addition, the mortgagee clause of your homeowner's policy, and if applicable your flood insurance, needs to be updated to reflect Green Tree Servicing LLC as loss payee. Please have your insurance agent update your policy with the information listed below. If your loan or line is in a second lien position, in addition to the mortgagee clause below, your policy should also still have a separate Mortgagee Clause for the lender in the first lien position. Proof of insurance should be mailed to Green Tree Servicing LLC at the following address:

Green Tree Servicing LLC
It's affiliates and/or assigns
PO Box 979282
Miami FL 33197-9282

Please be sure to include your new Green Tree account number noted at the beginning of this letter on any checks.

## Customer Service:

Any questions you have regarding your loan may always be directed to our Customer Service Department by calling the toll-free phone number at 1-800-643-0202, between 7:00 a.m. and 8:00 p.m. CST, Monday through Friday and between 7:00 a.m. and 1:00 p.m. CST on Saturdays. You can also access our website at GTServicing.com 24 hours a day. The website allows convenient, secure access to your basic account information, allows you to make payments on your account, obtain payoff quotes and insurance information. The website will be available to you shortly after the servicing transfer date. You may also contact us by writing to us at the following address:

Green Tree
PO Box 6172
Rapid City, SD 57709-6172

*[handwritten: Green Tree Servicing MHO Bankruptcy Dept PO Box 6154 Rapid City, SD 5770?]*

Respectfully,

Green Tree

*Green Tree Servicing LLC includes: in Alabama, Green Tree-AL LLC; in Minnesota, Green Tree Loan Company and; in Pennsylvania, Green Tree Consumer Discount Company.

**IMPORTANT NOTICE:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Defaulted Account Notice:** If your account was in default at the time servicing rights were transferred to Green Tree, please note that this is an attempt to collect a debt and any information obtained may be used for that purpose.

**BANKRUPTCY NOTICE:** IF YOU ARE IN BANKRUPTCY OR IF YOUR OBLIGATION TO REPAY THIS LOAN WAS DISCHARGED IN BANKRUPTCY, THIS INFORMATIONAL NOTICE IS SENT TO YOU IN ORDER TO COMPLY WITH STATUTORY REQUIREMENTS. IT IS NOT AN ATTEMPT TO COLLECT A DEBT. YOU MAY DISREGARD INFORMATION PERTAINING TO PAYMENT REMITTANCE. YOU ARE NOT OBLIGATED TO MAKE PAYMENTS AND ANY AMOUNT(S) YOU DO PAY GREEN TREE IS AT YOUR DISCRETION.

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of Jan 8, 2010 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| GREEN TREE SERVICING LLC | | |
| **Number:** 200316810141 | **Date Filed:** 6/11/2003 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| Address | | |
| 1100 LANDMARK TOWERS 345 ST PETER ST | | |
| ST PAUL, MN 55102 | | |
| Agent for Service of Process | | |
| C T CORPORATION SYSTEM (C0168406) | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JAN 08, 2010 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| C T CORPORATION SYSTEM | | |
| **Number:** C0168406 | **Date Filed:** 9/11/1936 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 2700 LAKE COOK ROAD | | |
| RIVERWOODS, IL 60015 | | |
| **Agent for Service of Process** | | |
| JERE KEPRIOS | | |
| C/O CT CORPORATION SYSTEM | | |
| 818 W. SEVENTH STREET | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

EXHIBIT C

Five Star Appraisal
105 Vermillion
Irvine, CA 92603
949-863-1041


11-24-2009




Re: Property:      5413 Arrowhead Avenue
                   Buena Park, Ca 90621
    Borrower:      NA
    File No.:      8914


Opinion of Value: $  380,000
Effective Date:      11-24-2009


In accordance with your request, we have appraised the above referenced property. The report of that appraisal is attached.

The purpose of the appraisal is to develop an opinion of market value for the property described in this appraisal report, as improved, in unencumbered fee simple title of ownership.

This report is based on a physical analysis of the site and improvements, a locational analysis of the neighborhood and city, and an economic analysis of the market for properties such as the subject. The appraisal was developed and the report was prepared in accordance with the Uniform Standards of Professional Appraisal Practice.

The opinion of value reported above is as of the stated effective date and is contingent upon the certification and limiting conditions attached.

It has been a pleasure to assist you. Please do not hesitate to contact me or any of my staff if we can be of additional service to you.


Sincerely,

Uniform Residential Appraisal Report    File # 8914

| The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property. |
|---|

**SUBJECT**

| Property Address 5413 Arrowhead Avenue | City Buena Park | State Ca | Zip Code 90621 |
|---|---|---|---|

| Borrower NA | Owner of Public Record Shodiya | County Orange |
|---|---|---|

Legal Description Tract# 6031   Lot# 3

| Assessor's Parcel # 066-441-06 | Tax Year 2009 | R.E. Taxes $ 4,475 |
|---|---|---|

| Neighborhood Name Meadowbrook | Map Reference 737J-5 | Census Tract 1106.04 |
|---|---|---|

Occupant ☒ Owner    Tenant    Vacant    Special Assessments $ None    ☒ PUD    HOA $ 91    ☐ per year ☒ per month

Property Rights Appraised ☒ Fee Simple    Leasehold    Other (describe)

Assignment Type    Purchase Transaction    Refinance Transaction ☒ Other (describe) Estimate fair market value.

Lender/Client    Saundra Shodiya    Address

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?    Yes ☒ No

Report data source(s) used, offering price(s), and date(s).    Local MLS

**CONTRACT**

I    did    ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.    NA

Contract Price $ NA    Date of Contract    Is the property seller the owner of public record?    Yes    No Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower?    Yes    No

If Yes, report the total dollar amount and describe the items to be paid.

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | One-Unit Housing | | Present Land Use % |
|---|---|---|---|---|---|---|---|
| Location | Urban ☒ Suburban | Rural | Property Values | Increasing ☒ Stable Declining | PRICE $(000) | AGE (yrs) | One-Unit 80 % |
| Built-Up ☒ Over 75% | 25-75% | Under 25% | Demand/Supply | Shortage ☒ In Balance Over Supply | Low 30 | High 55 | 2-4 Unit 2 % |
| Growth | Rapid ☒ Stable | Slow | Marketing Time | Under 3 mths ☒ 3-6 mths Over 6 mths | 350 1,000 | | Multi-Family 5 % |
|  |  |  |  |  | 500 Pred. | 45 | Commercial 13 % |

Neighborhood Boundaries    South- Malvern Avenue, West- city limits of La Mirada, East- city limits of
Fullerton and North- Rosecrans Avenue.    Other 0 %

Neighborhood Description    The subject is located in an established neighborhood consisting of one and two story single family homes. Schools, parks, shopping and employment centers are all within reasonable distances. The nearby rail road tracks have no effect on the subjects marketability. The subject is below the predominant value due to its smaller lot size and being an attached home.

Market Conditions (including support for the above conclusions)    Homes priced and marketed correctly are selling in less than 180 days. Home values have been declining over the past 3 years due to REOs.This summary appraisal report.

**SITE**

| Dimensions See Plat Map | Area 2,920 | Shape Rectangular | View None |
|---|---|---|---|

Specific Zoning Classification Residential    Zoning Description Single Family/Pud

Zoning Compliance ☒ Legal    Legal Nonconforming (Grandfathered Use)    No Zoning    Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use?    ☒ Yes    No    If No, describe

| Utilities | Public | Other (describe) | Public | Other (describe) | Off-site Improvements – Type | Public | Private |
|---|---|---|---|---|---|---|---|
| Electricity | ☒ |  | Water ☒ |  | Street Asphalt | ☒ |  |
| Gas | ☒ |  | Sanitary Sewer ☒ |  | Alley None |  |  |

FEMA Special Flood Hazard Area    Yes ☒ No    FEMA Flood Zone X    FEMA Map # 060215-0038H    FEMA Map Date 2-2004

Are the utilities and off-site improvements typical for the market area?    ☒ Yes    No    If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)?    Yes ☒ No    If Yes, describe

Note no adverse easements, encroachments or slide areas that would affect the marketability of the subject.

**IMPROVEMENTS**

| General Description | | Foundation | | Exterior Description | materials/condition | Interior | materials/condition |
|---|---|---|---|---|---|---|---|
| Units ☒ One | One with Accessory Unit | ☒ Concrete Slab | Crawl Space | Foundation Walls | Concrete/Average | Floors | Wood/Good |
| # of Stories | 2 | Full Basement | Partial Basement | Exterior Walls | Stucco/Average | Walls | Drywall/Average |
| Type    Det. ☒ Att. | S-Det./End Unit | Basement Area | None  sq.ft. | Roof Surface | Tile/Good | Trim/Finish | Wood/Average |
| ☒ Existing | Proposed    Under Const. | Basement Finish | % | Gutters & Downspouts | Metal/Average | Bath Floor | Tile/Average+ |
| Design (Style) | Conventional | Outside Entry/Exit | Sump Pump | Window Type | Vinyl/Good | Bath Wainscot | Tile/Average |
| Year Built | 1968 | Evidence of | Infestation | Storm Sash/Insulated | Insulation | Car Storage | None |
| Effective Age (Yrs) | 30 | Dampness | Settlement | Screens | Yes/Average | ☒ Driveway | # of Cars 2 |
| Attic | None | Heating  FWA | HWBB    Radiant | Amenities | Woodstove(s) # | Driveway Surface | Concrete |
|  | Drop Stair    Stairs | ☒ Other FAU | Fuel Gas | ☒ Fireplace(s) # 1 | Fence Wood | Garage | # of Cars |
|  | Floor ☒ Scuttle | Cooling ☒ Central Air Conditioning | | Patio/Deck Brick | Porch Tile | Carport | # of Cars |
|  | Finished    Heated | Individual | Other | Pool | Other | Att. | Det. ☒ Built-in |

Appliances    Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☒ Microwave    Washer/Dryer    Other (describe)

Finished area above grade contains:    8 Rooms    4 Bedrooms    2.5 Bath(s)    1,799 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.).    Insulation

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).    The home is in average+ condition with no noted repairs needed that would effect its marketability. Fenced yard, patio, wood floors and raised panel doors.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property?    Yes ☒ No    If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)?    ☒ Yes    No    If No, describe

| Freddie Mac Form 70 March 2005 | Page 1 of 6 | Fannie Mae Form 1004 March 2005 |
|---|---|---|

**Uniform Residential Appraisal Report**    File # 8914

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

There are 3 comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 359,000 to $ 420,000
There are 12 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 350,000 to $ 425,000

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 5413 Arrowhead Avenue Buena Park, Ca 90621 | 5610 Elsinore Avenue | | 5396 Barrett Circle | | 8162 Crowley Circle | |
| | | AP# 066-431-38 | | AP# 066-421-12 | | AP# 066-441-43 | |
| Proximity to Subject | | 0.16 miles SE | | 0.11 miles NE | | 0.10 miles SW | |
| Sale Price | $ NA | | $ 425,000 | | $ 350,000 | | $ 385,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 229.23 sq.ft. | | $ 194.55 sq.ft. | | $ 167.39 sq.ft. | |
| Data Source(s) | | MLS/Dataquick | | MLS/Dataquick | | MLS/ Dataquick | |
| Verification Source(s) | | Doc# 521906 | | Doc# 592209 | | Doc# 448231 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | Conventional | | Conventional | | Conventional | |
| Concessions | | 50% | | 80% | | 74% | |
| Date of Sale/Time | | 10-1-2009 | | 10-30-2009 | | 8-19-2009 | |
| Location | Average | Average | | Average | | Average- | +10,000 |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 2,920 | 4047 | -5,600 | 4000 | -5,400 | 5700 | -13,900 |
| View | None | None | | None | | None | |
| Design (Style) | Conventional | Conventional | | Conventional | | Conventional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 41 | 42 | | 43 | | 41 | |
| Condition | Average+ | Good | -20,000 | Average | +20,000 | Average- | +30,000 |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 8  4  2.5 | 8  3  2.5 | | 8  4  2.5 | | 8  4  2.5 | |
| Gross Living Area | 1,799 sq.ft. | 1,854 sq.ft. | | 1,799 sq.ft. | | 2,300 sq.ft. | -22,500 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Fau/Central | Fau/Central | | Fau/Central | | Fau/Central | |
| Energy Efficient Items | Insulation | Insulation | | Insulation | | Insulation | |
| Garage/Carport | 2 Garage | 2 Garage | | 2 Garage | | 2 Garage | |
| Porch/Patio/Deck | Patio | Patio | | Patio | | Enclosed Patio | -3,000 |
| Days on Market | NA | 3 | | 168 | | 78 | |
| | NA | Equity Sale | | Short Sale | | Equity Sale | |
| | No Guest Park | Parking | -5,000 | Parking | -5,000 | Parking | -5,000 |
| Net Adjustment (Total) | | + X - $ | -30,600 | X + - $ | 9,600 | + X - $ | -4,400 |
| Adjusted Sale Price | | Net Adj. 7.2 % | | Net Adj. 2.7 % | | Net Adj. 1.1 % | |
| of Comparables | | Gross Adj. 7.2 % $ | 394,400 | Gross Adj. 8.7 % $ | 359,600 | Gross Adj. 21.9 % $ | 380,600 |

X did did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research did X did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s) MLS/Dataquick
My research did X did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s) MLS/Dataquick
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 11-7-2006 | 6-27-2003 | 6-20-2006 | 9-26-2008 |
| Price of Prior Sale/Transfer | 595,000 | 352,000 | 580,000 | 370,000 |
| Data Source(s) | MLS/Dataquick | MLS/Dataquick | MLS/Dataquick | MLS/Dataquick |
| Effective Date of Data Source(s) | Current | Current | Current | Current |

Analysis of prior sale or transfer history of the subject property and comparable sales  The subject has not previously sold in the past 3 years. The comparables have not previously sold in the past year.

Summary of Sales Comparison Approach  All 4 comparables are recent sales of similar homes from the subjects market area. Comparables 1, 2 and 3 are closed sales and comparable 4 is a pending sale. Comparables 1 and 4 are in better upgraded condition and comparables 2 and 3 are inferior. Comparables 1, 2 and 3 are on larger lots. The comparables have plenty of guest parking right out front of the homes but the closes guest parking for the subject is 6 houses away. I had to park on the next street over cross from a school. Comparable 2 was last purchased around the same time as the subject and is a good indication how far values have dropped. Comparable 2 is currently being upgraded by the new owner. Comparable 3 is a larger home on a much larger lot. Comparables 3 and 4 back busy streets and were adjusted accordingly. Comparables 1 and 2 are very recent sales. All 4 comparables were given equal weight in determining an estimated value.

Indicated Value by Sales Comparison Approach $ 380,000

Indicated Value by: Sales Comparison Approach $ 380,000  Cost Approach (if developed) $ 380,000  Income Approach (if developed) $ NA
The direct sales approach was given the most consideration as it most typifies the buyers and sellers in this market. The cost approach was given supportive weight. Due to a lack of relative data, the income approach was not considered.

This appraisal is made X "as is", subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: There are no conditions to this report. The title policy was not reviewed by the appraiser. This is a complete summary appraisal report.
Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$ 380,000 , as of 11-24-2009 , which is the date of inspection and the effective date of this appraisal.

**ADDITIONAL COMMENTS**

## COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)    Site value was estimated by abstraction. The land to improvement ratio is typical for this area

| | | | | | |
|---|---|---|---|---|---|
| ESTIMATED    REPRODUCTION OR  ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | | =$ | 190,000 |
| Source of cost data   Local builders and Marshall and Swift cost handbook | DWELLING | 1,799 Sq.Ft. @ $ | 120.00 | =$ | 215,880 |
| Quality rating from cost service   Average   Effective date of cost data   Current | | None Sq.Ft. @ $ | | =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | Patio and porch | | | =$ | 2,990 |
| Physical deterioration (incurable) was estimated by the age life method. | Garage/Carport | 420 Sq.Ft. @ $ | 45.00 | =$ | 18,900 |
| Noted no functional, locational or physical inadequacies. | Total Estimate of Cost-New | | | =$ | 237,770 |
| | Less    Physical   Functional   External | | | | |
| | Depreciation    71,331 | | | =$( | 71,331) |
| | Depreciated Cost of Improvements | | | =$ | 166,439 |
| | "As-is" Value of Site Improvements | | | =$ | 23,561 |
| Estimated Remaining Economic Life (HUD and VA only)    70 Years | INDICATED VALUE BY COST APPROACH | | | =$ | 380,000 |

## INCOME APPROACH TO VALUE (not required by Fannie Mae)

| | | | | |
|---|---|---|---|---|
| Estimated Monthly Market Rent $    NA    X Gross Rent Multiplier    NA    = $    NA | | | | Indicated Value by Income Approach |
| Summary of Income Approach (including support for market rent and GRM)    Due to a lack of relative data the income approach was not considered. | | | | |

## PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)?    Yes  ☒ No    Unit type(s)    Detached   ☒ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project    Meadowbrook

| | | |
|---|---|---|
| Total number of phases | Total number of units | Total number of units sold |
| Total number of units rented | Total number of units for sale | Data source(s) |

Was the project created by the conversion of existing building(s) into a PUD?    Yes    No   If Yes, date of conversion.

Does the project contain any multi-dwelling units?    Yes    No   Data Source

Are the units, common elements, and recreation facilities complete?    Yes    No   If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association?    Yes    No   If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.    Pool, spa and greenbelts.

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

SCOPE OF WORK:  The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

INTENDED USE:  The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

INTENDED USER:  The intended user of this appraisal report is the lender/client.

DEFINITION OF MARKET VALUE:  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:  The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing the appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

## Uniform Residential Appraisal Report

File # 8914

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

## Uniform Residential Appraisal Report    File # 8914

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

SUPERVISORY APPRAISER'S CERTIFICATION:   The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name  Dennis Stephenson | Name |
| Company Name  Five Star Appraisal | Company Name |
| Company Address  105 Vermillion, Irvine, California 92603 | Company Address |
| Telephone Number  949-863-1041 | Telephone Number |
| Email Address  stardennisstephenson@yahoo.com | Email Address |
| Date of Signature and Report  11-24-2009 | Date of Signature |
| Effective Date of Appraisal  11-24-2009 | State Certification # |
| State Certification #  AR 002384 | or State License # |
| or State License # | State |
| or Other (describe)  State # | Expiration Date of Certification or License |
| State  California | |
| Expiration Date of Certification or License  5-5-2010 | SUBJECT PROPERTY |

ADDRESS OF PROPERTY APPRAISED

5413 Arrowhead Avenue

Buena Park, Ca 90621

APPRAISED VALUE OF SUBJECT PROPERTY $    380,000

LENDER/CLIENT

Name

Company Name  Saundra Shodiya

Company Address

Email Address

**SUBJECT PROPERTY**

- Did not inspect subject property
- Did inspect exterior of subject property from street
  Date of Inspection
- Did inspect interior and exterior of subject property
  Date of Inspection

**COMPARABLE SALES**

- Did not inspect exterior of comparable sales from street
- Did inspect exterior of comparable sales from street
  Date of Inspection

## Uniform Residential Appraisal Report

File # 8914

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address  5413 Arrowhead Avenue | | 5685 Elsinore Avenue | | | | | |
| Buena Park, Ca 90621 | | AP# 066-433-06 | | | | | |
| Proximity to Subject | | 0.25 miles S | | | | | |
| Sale Price | $          NA | $          425,000 | | $ | | $ | |
| Sale Price/Gross Liv. Area | $      sq.ft. | $     229.23 sq.ft. | | $      sq.ft. | | $      sq.ft. | |
| Data Source(s) | | MLS/Dataquick | | | | | |
| Verification Source(s) | | | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment |
| Sales or Financing | | NA | | | | | |
| Concessions | | | | | | | |
| Date of Sale/Time | | Pending | -20,000 | | | | |
| Location | Average | Average- | +10,000 | | | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | | | | |
| Site | 2,920 | 2818 | | | | | |
| View | None | None | | | | | |
| Design (Style) | Conventional | Conventional | | | | | |
| Quality of Construction | Average | Average | | | | | |
| Actual Age | 41 | 43 | | | | | |
| Condition | Average+ | Good | -20,000 | | | | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 8   4   2.5 | 8   4   2.5 | | | | | |
| Gross Living Area | 1,799 sq.ft. | 1,854 sq.ft. | | sq.ft. | | sq.ft. | |
| Basement & Finished | None | None | | | | | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | Average | Average | | | | | |
| Heating/Cooling | Fau/Central | FAU/Central | | | | | |
| Energy Efficient Items | Insulation | Insulation | | | | | |
| Garage/Carport | 2 Garage | 2 Garage | | | | | |
| Porch/Patio/Deck | Patio | Patio | | | | | |
| Days on Market | NA | 161 | | | | | |
| | NA | Short Sale | | | | | |
| | No Guest Park | Parking | -5,000 | | | | |
| Net Adjustment (Total) | | +  ☒ -  $ | -35,000 | +    -   $ | | +    -   $ | |
| Adjusted Sale Price | | Net Adj.    8.2  % | | Net Adj.    % | | Net Adj.    %. | |
| of Comparables | | Gross Adj.  12.9 % $ | 390,000 | Gross Adj.    % $ | | Gross Adj.    % $ | |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 4 | COMPARABLE SALE # 5 | COMPARABLE SALE # 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 11-7-2006 | 4-2-2001 | | |
| Price of Prior Sale/Transfer | 595,000 | 236,000 | | |
| Data Source(s) | MLS/Dataquick | MLS/Dataquick | | |
| Effective Date of Data Source(s) | Current | Current | | |

Analysis of prior sale or transfer history of the subject property and comparable sales

Analysis/Comments

## Location Map

| Borrower/Client | NA | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | | | |
| City | Buena Park | County | Orange | State | Ca | Zip Code | 90621 |
| Lender | Saundra Shodiya | | | | | | |



**Floor Plan**

| Borrower/Client | NA |
|---|---|
| Property Address | 5413 Arrowhead Avenue |
| City | Buena Park | County Orange | State Ca | Zip Code 90621 |
| Lender | Saundra Shodiya |



Main File No. 8914  Page #11

## Plat Map

| Borrower/Client | NA | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | | |
| City | Buena Park | County | Orange | State | Ca | Zip Code | 90621 |
| Lender | Saundra Shodiya | | | | | |



**Appraisal License**

| Borrower/Client | NA | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | | |
| City | Buena Park | | County Orange | | State Ca | Zip Code 90621 |
| Lender | Saundra Shodiya | | | | | |



Business, Transportation & Housing Agency

STATE OF CALIFORNIA

**OFFICE OF REAL ESTATE APPRAISERS**

**REAL ESTATE APPRAISER LICENSE**

OREA APPRAISER IDENTIFICATION NUMBER    AR002384

**DENNIS E. STEPHENSON**

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title "Certified Residential Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

OFFICE OF REAL ESTATE APPRAISERS

Date Issued: May 6, 2008
Date Expires: May 5, 2010

Audit No. 106617

**Subject Photo Page**

| Borrower/Client | NA | | | | |
|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | |
| City | Buena Park | County | Orange | State | Ca | Zip Code | 90621 |
| Lender | Saundra Shodiya | | | | |



### Subject Front

| | |
|---|---|
| 5413 Arrowhead Avenue | |
| Sales Price | NA |
| Gross Living Area | 1,799 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | None |
| Site | 2,920 |
| Quality | Average |
| Age | 41 |



### Subject Rear



### Subject Street

**Subject Interior Photo Page**

| Borrower/Client | NA | | | | |
|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | |
| City | Buena Park | County Orange | | State Ca | Zip Code 90621 |
| Lender | Saundra Shodiya | | | | |



### Subject Interior

5413 Arrowhead Avenue

| | |
|---|---|
| Sales Price | NA |
| Gross Living Area | 1,799 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | None |
| Site | 2,920 |
| Quality | Average |
| Age | 41 |



### Subject Interior



### Subject Interior

Comparable Photo Page

| Borrower/Client | NA | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | | |
| City | Buena Park | County | Orange | State | Ca | Zip Code | 90621 |
| Lender | Saundra Shodiya | | | | | |



### Comparable 1
5610 Elsinore Avenue
| Prox. to Subject | 0.16 miles SE |
|---|---|
| Sale Price | 425,000 |
| Gross Living Area | 1,854 |
| Total Rooms | 8 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | None |
| Site | 4047 |
| Quality | Average |
| Age | 42 |



### Comparable 2
5396 Barrett Circle
| Prox. to Subject | 0.11 miles NE |
|---|---|
| Sale Price | 350,000 |
| Gross Living Area | 1,799 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | None |
| Site | 4000 |
| Quality | Average |
| Age | 43 |

### Comparable 3
8162 Crowley Circle
| Prox. to Subject | 0.10 miles SW |
|---|---|
| Sale Price | 385,000 |
| Gross Living Area | 2,300 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average- |
| View | None |
| Site | 5700 |
| Quality | Average |
| Age | 41 |

Comparable Photo Page

| Borrower/Client | NA | | | | |
|---|---|---|---|---|---|
| Property Address | 5413 Arrowhead Avenue | | | | |
| City | Buena Park | County Orange | | State Ca | Zip Code 90621 |
| Lender | Saundra Shodiya | | | | |



### Comparable 4

5685 Elsinore Avenue

| | |
|---|---|
| Prox. to Subject | 0.25 miles S |
| Sales Price | 425,000 |
| Gross Living Area | 1,854 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average- |
| View | None |
| Site | 2818 |
| Quality | Average |
| Age | 43 |

### Comparable 5

Prox. to Subject
Sales Price
Gross Living Area
Total Rooms
Total Bedrooms
Total Bathrooms
Location
View
Site
Quality
Age

### Comparable 6

Prox. to Subject
Sales Price
Gross Living Area
Total Rooms
Total Bedrooms
Total Bathrooms
Location
View
Site
Quality
Age